U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2016 JAN -8 PM 1: 16

CLERK

BY_____
DEPUTY CLERK

GORDON E. R. TROY, PC
Gordon E. R. Troy
5203 Shelburne Road, PO Box 1180
Shelburne, VT 05482
(802) 881-0640 Phone
(646) 588-1962 Fax
gtroy@webtm.com Direct Email
office@webtm.com Service Email

*Attorneys for Plaintiff Cabot Hosiery Mils, Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| Cabot Hosiery Mills, Inc.,<br><br>                           Plaintiff,<br><br>          - against -<br><br>7mesh Industries Inc.,<br>                           Defendants. | Case No.: 2:16-cv-5<br><br>**COMPLAINT** |

**COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION**

Plaintiff Cabot Hosiery Mills, Inc., through its attorneys, Gordon E. R. Troy, PC, complaining of Defendant 7mesh Industries Inc., alleges as follows:

**STATEMENT OF THE CASE**

1.   This is an action for injunctive relief and damages under the Lanham Act and common law based on Defendant's unlawful adoption and use of a design mark that bears substantial similarity to Plaintiff's logos, which are federally registered trademarks.

## THE PARTIES

2. Plaintiff Cabot Hosiery Mills, Inc. is a corporation organized and existing under the laws of the State of Vermont, with its principal address at 364 Whetstone Drive, P.O. Box 307, Northfield, Vermont 05663.

3. Upon information and belief, Defendant 7mesh Industries Inc. is a corporation organized and existing under the laws of Canada, with an address at 102 - 39279 Queens Way Squamish, British Columbia, Canada, V8B0T5.

## JURISDICTION AND VENUE

4. Subject matter jurisdiction over the Lanham Act claims in this action is conferred upon the Court pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367.

5. This Court has personal jurisdiction over Defendant, which transacts business in this judicial district.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) because Defendant does business in this judicial district and/or a substantial part of the events or omissions giving rise to the claims in this Complaint occurred in this judicial district.

## FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS

7. Plaintiff is the owner of U.S. Reg. No. 3219087 on the Supplemental Register for a design mark consisting of three mountain peaks for Men's, Women's and Children's Hosiery in Class 25" (the "'087 Mark"). The '087 Mark registered on March 3, 2007, and had a date of first use on June 2, 2004, and a date of first use in commerce of July 12, 2004. The registration

certificate for the '087 is attached as Exhibit 1.

8. Plaintiff is also the owner of U.S. Reg. No. 4490538 on the Principal Register for a design mark consisting of three mountain peaks for "Hosiery; Socks in Class 25" (the "'538 Mark"). The '538 Mark registered on March 4, 2014, and had a date of first use on June 2, 2004, and a date of first use in commerce of July 12, 2004. The registration certificate for '538 Mark is attached as Exhibit 2. The '087 and '538 Marks are sometimes hereinafter referred to collectively as the "Mountain Logo."

9. Since at least as early as June 2, 2004, Plaintiff has continually advertised, marketed and sold hosiery under the Mountain Logo, has invested substantial resources in advertising and promoting its goods bearing the Mountain Logo, and has acquired substantial goodwill and notoriety under its Mountain Logo.

10. Plaintiff's Mountain Logo registrations are not limited by channels of trade or classes of purchasers.

11. Beginning sometime in 2015, Defendant has been manufacturing, distributing and selling clothing bearing a logo that is substantially similar to the Mountain Logo (the "Infringing Mark").

12. The Mountain Logo shows three stylized mountain peaks, while the Infringing Mark shows the number "7" and letter "M", overlapping to form three stylized mountain peaks. Plaintiff's registered marks and Defendant's Infringing Mark are pictured below.

| Plaintiff's '087 Mark | Plaintiff's '538 Mark | Infringing Mark |

13. Plaintiff first became aware of the Infringing Mark in or around September 2014. On September 30, 2014, Plaintiff's counsel sent Defendant's Canadian counsel, Tanya Reitzel, a letter demanding that Defendant cease use of the Infringing Mark and withdraw its Canadian trademark application for the Infringing Mark.

14. After receiving Plaintiff's cease and desist letter, on November 13, 2014, Defendant filed an application in the United States Patent and Trademark Office ("USPTO") (serial number 86453407), seeking to register the Infringing Mark, *inter alia*, in Class 25 for "clothing, namely, men's and women's jackets, vests, shirts, jerseys, T-shirts, shorts, pants, capris/croppers, base layers, undergarments, arm warmers, knee warmers, leg warmers, gloves, socks; footwear, namely, shoes, boots, sandals; headwear, namely hats, toques and caps" (the "'407 Application"). Ms. Reitzel is listed as attorney of record for the '407 Application.

15. The '407 Application was filed on the basis of Sections 1(b) (intent to use) and 44(d), based on Defendant's Canadian trademark pending application.

16. On January 13, 2015, Plaintiff's counsel sent a letter to Ms. Reitzel, demanding that Defendant "discontinue all plans to commence use of the Infringing Mark and voluntarily abandon its trademark applications in the United States and Canada."

17. On February 26, 2015, Defendant amended its '407 Application, *inter alia*, by removing "socks; footwear, namely, shoes, boots, sandals."

18. On March 4, 2015, the USPTO issued an Office Action that included a refusal to register the Infringing Mark under Section 2(d) (likelihood of confusion), citing Plaintiff's '087 and '538 Marks.

19. On August 26, 2015, the USPTO suspended the '407 Application "until the USPTO receives a copy of such foreign registration or proof of its renewal," and maintained the Section 2(d) (likelihood of confusion) refusal.

20. The clothing sold under the Infringing Mark, including but not limited to jackets and shirts, are goods in Class 25 and within the natural zone of expansion of Plaintiff's Mountain Logo.

21. Both Plaintiff and Defendant sell their products to the skiing and outdoor markets.

22. Plaintiff's and Defendant's respective goods are being offered and sold, and will continue to be offered and sold, through the same channels of trade and purchased by the same class of purchasers.

23. Plaintiff's customers, people in the trade and the public in general are likely to be confused, mistaken or deceived as to the origin, affiliation, endorsement or sponsorship of the goods sold and marketed by Defendant bearing the Infringing Mark, and misled into believing that such goods are produced, offered or sold by, or emanate from, or are in some way associated with Plaintiff, to the damage and detriment of Plaintiff, its good will and reputation.

24. Defendant is and has been on constructive notice of Plaintiff's prior rights in the Mountain Logo by virtue of the subsistence of the Mountain Logo registrations.

25. Defendant is and has been on actual notice regarding Plaintiff's prior rights since at least September 30, 2014, when counsel for Defendant advised counsel for Plaintiff that Defendant's mark was infringing.

26. Defendant is and has been on actual notice regarding Plaintiff's prior rights and the likelihood of confusion between Plaintiff's Mountain Logo mark and Defendant's Infringing Mark since the March 4, 2015 official action issued by the USPTO.

27. Defendant, despite being on constructive notice and actual notice of Plaintiff's prior rights in Plaintiff's Mountain Logo mark, Defendant has sold, and continues to sell products bearing the Infringing Mark within the State of Vermont.

## AS AND FOR A FIRST CAUSE OF ACTION
### Federal Trademark Infringement
### (15 U.S.C. §§ 1114-1117; Lanham Act § 32-35)

28. Plaintiff realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 27 of this Complaint.

29. Without Plaintiff's consent, Defendant has used and is using a mark or designation, to wit, the Infringing Mark, that is confusingly similar to Plaintiff's Mountain Logo.

30. Defendant's acts of trademark infringement have been and are being committed willfully and with the intent to cause confusion, mistake or deception in violation of 15 U.S.C. § 1114.

31. As a direct and proximate result of Defendant's infringing activities, Plaintiff has suffered or is likely to suffer damages, including without limitation irreparable damage to its business reputation and goodwill.

32. Unless enjoined from using the Infringing Mark, Defendant's infringing conduct as alleged herein will continue to cause irreparable harm and injury to Plaintiff's business and goodwill for which there is no adequate remedy at law.

33. Defendant's conduct has also caused and, unless enjoined, will continue to cause inevitable public confusion for which there is no adequate remedy at law.

34. Consequently, Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

35. Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover damages in an amount to be determined at trial, including but not limited to the profits earned by Defendant from its infringing conduct.

36. Defendant's trademark infringement as alleged herein is an exceptional case and undertaken willfully, thereby entitling Plaintiff to receive three times its actual damages or three times Defendant's profits, whichever is greater, and to an award of attorneys' fees under 15 U.S.C. §§ 1117(a) and (b).

37. Pursuant to 15 U.S.C. § 1118, Plaintiff is entitled to the destruction of all products, signs, labels, packages, advertisements, brochures, hang tags, web pages and other items, tangible and intangible, that bear the Infringing Mark and are in the possession or under the control of Defendant.

## AS AND FOR A SECOND CAUSE OF ACTION
### False Designation of Origin, Unfair Competition, False Advertising
### (15 U.S.C. § 1125(a); Lanham Act § 43(a))

38. Plaintiff realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 37 of this Complaint.

39. Defendant's conduct complained of herein constitutes the use of symbols or devices tending falsely to describe the infringing product within the meaning of 15 U.S.C. §1125(a)(1).

40. Defendant's use of the Infringing Mark is likely to cause confusion, mistake or deception by or in the public and persons in the trade as to the affiliation, connection, association, origin, sponsorship or approval of Defendant's and Plaintiff's goods, to the detriment of Plaintiff and in violation of 15 U.S.C. §1125(a)(1).

41. Defendant's conduct was undertaken willfully and with the intent to cause confusion, mistake and deception in the trade and on the part of persons in the trade and the public.

42. Defendant's conduct has damaged Plaintiff's business reputation and good will.

43. Defendant's conduct has caused and, unless enjoined, will continue to cause irreparable harm and injury to Plaintiff's business reputation and goodwill for which there is no adequate remedy at law.

44. Defendant's conduct has caused and, unless enjoined, will continue to cause inevitable confusion in the trade and on the part of the public, for which there is no adequate remedy at law.

45. Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

46. Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover damages in an amount to be determined at trial, including but not limited to the profits earned by Defendant from its use of a mark or designation confusingly similar to Plaintiff's Mountain Logo.

47. Defendant's trademark infringement as alleged herein is an exceptional case and undertaken willfully, thereby entitling Plaintiff to receive three times its actual damages or three times Defendant's profits, whichever is greater, and to an award of attorneys' fees under 15 U.S.C. §§ 1117(a) and 1117(b).

48. Pursuant to 15 U.S.C. § 1118, Plaintiff is entitled to the destruction of all products, signs, labels, packages, advertisements, brochures, hang tags, web pages and other items, tangible and intangible, that bear the Infringing Mark and are in the possession or under the control of Defendants.

### AS AND FOR A THIRD CAUSE OF ACTION
### Common Law Unfair Competition and False Designation of Origin

49. Plaintiff realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 48 of this Complaint.

50. Plaintiff has expended substantial time, resources and effort to develop and obtain an excellent reputation and good will for itself and its Mountain Logo.

51. Defendant has knowingly and willfully adopted a confusingly similar mark in an unlawful effort to capitalize on Plaintiff's goodwill for Defendant's own pecuniary gain.

52. Defendant's unlawful adoption and use of the Infringing Mark is calculated and likely to confuse, deceive and mislead the trade and consumers into believing that its goods and services originated or were authorized by Plaintiff.

53. Defendant's unlawful adoption and use of the Infringing Mark has caused and is likely to continue to cause confusion as to origin, affiliation, endorsement or sponsorship of Defendant's goods and services, all to Plaintiff's detriment.

54. Upon information and belief, Defendant has obtained gains, profits and advantages as a result of its impermissible and unlawful use of the Infringing Mark in an amount not yet determined or ascertainable.

55. Defendant's acts as alleged in this Complaint constitute unfair competition and will, unless enjoined by this Court, result in (a) damage to and destruction and/or diversion of Plaintiff's goodwill in its Mountain Logo, and (b) the unjust enrichment of Defendant.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment against Defendant as follows:

(a) Entering a preliminary and permanent injunction against Defendant from (1) using the Infringing Mark; (2) registering the Infringing Mark in the USPTO; and (3) engaging in any other act that constitutes trademark infringement, unfair competition or false advertising in violation of Plaintiff's rights;

(b) Requiring Defendant to take such action as may be directed by the Court for the purpose of attempting to alleviate or remedy confusion among consumers caused by Defendant's conduct complained of herein;

(c) Awarding Plaintiff damages pursuant to 15 U.S.C. § 1117(a) sufficient to compensate Plaintiff for Defendant's false designation of origin and unfair competition through its use of the Infringing Mark;

(d) Ordering Defendant to account to Plaintiff for its profits derived by reason of its misappropriation of the Plaintiff's Mountain Logo and Defendant's use of the Infringing Mark;

(e) Pursuant to 15 U.S.C. § 1117, awarding Plaintiff the greater of three times Defendant's profits or three times any damages sustained by Plaintiff, whichever is greater;

(f) Pursuant to 15 U.S.C. § 1117, awarding Plaintiff its costs, expenses and attorneys' fees incurred with respect to this action;

(g) Pursuant to 15 U.S.C. § 1118, ordering the destruction of all products, signs, labels, packages, advertisements, brochures, hang tags, web pages and other items, tangible and intangible, that bear the Infringing Mark and are in the possession or under the control of Defendants;

(h) Awarding Plaintiff both pre-judgment and post-judgment interest on any monies to be paid by Defendant;

(i) Awarding Plaintiff its costs, expenses and attorneys' fees incurred with respect to this action; and

(j) Awarding such other and further relief as to the Court seems just, proper and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38 (F.R.C.P 38), Plaintiff hereby demands a jury trial on all issues so triable.

Dated: January 8, 2016

Respectfully submitted:

GORDON E. R. TROY, PC

By: _____
Gordon E. R. Troy

*Attorneys for Plaintiff Cabot Hosiery Mills*, Inc.